Filing # 87996374 E-Filed 04/15/2019 03:55:01 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

CHRISTIANA MENASSA,

      Plaintiff,

                                 Case No.:

v.

ANTHEM INSURANCE COMPANIES, INC.
d/b/a ANTHEM BLUE CROSS AND BLUE
SHIELD and ACCREDO HEALTH GROUP,
INC.,

      Defendants.
_____/

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, CHRISTIANA MENASSA, (hereinafter referred to as "Ms. Menassa" or "Plaintiff"), by and through undersigned counsel, and hereby sues the Defendants, ANTHEM BLUE CROSS AND BLUE SHIELD, and ACCREDO HEALTH GROUP, INC. (hereinafter collectively referred to as "Defendants") for damages and alleges in support thereof:

### JURISDICTION

1. This is an action for damages in an amount greater than $15,000.01.

2. This action seeks redress for the unlawful practices committed by the Defendants in connection with their efforts to collect a debt from Plaintiff. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of the Florida Consumer Collection Practices Act, Chapter 559, Fla. Stat.

3. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff, Christiana Menassa, is a natural person who resides in the Lee County, Florida and is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

5. Defendant, Anthem Insurance Companies, Inc., doing business as Anthem Blue Cross and Blue Shield (hereinafter referred to as "Anthem"), is an Indiana company that maintains its principal place of business at 120 Monument Circle, Indianapolis, IN 46204.

6. Upon information and belief, Anthem has significant and substantial contacts with the State of Florida.

7. Defendant, Accredo Health Group, Inc. (hereinafter referred to as "Accredo"), is a Delaware foreign profit corporation that maintains its principal place of business at 1640 Century Center Parkway, Suite 105, Memphis, TN 38134.

8. Upon information and belief, Accredo has significant and substantial contacts with the State of Florida.

## FACTUAL ALLEGATIONS

9. Prior to October 17, 2017, Ms. Menassa received a phone call from her pharmacy, Accredo, asking if she would like to renew several prescriptions that expired on October 17, 2017.

10. Ms. Menassa told Accredo that she did want to renew the prescriptions immediately, because her health insurance was scheduled to expire in November 2017, and she wanted to take advantage of the insurance benefits before its expiration.

11. The prescriptions in question were for medication used by Ms. Menassa personally to treat a myriad of medical conditions.

12. As a result of her phone conversation with Accredo, Ms. Menassa incurred a debt (hereinafter referred to as the "Debt") for the prescriptions.

13. Ms. Menassa was clear that she wanted her prescriptions renewed immediately, so that her insurance would cover the claim before it was set to expire. Accordingly, Ms. Menassa authorized only an October 2017 renewal and charge, and specifically did not authorize any subsequent renewal or charge.

14. Despite this, Accredo either waited until November 2017 or misrepresented the claim date to Ms. Menassa's insurance as November 2017 to (allegedly) fill the prescription.

15. Accredo filed a claim against Ms. Menassa's insurance company, Anthem, for the prescriptions, who (allegedly) mistakenly paid Accredo, and then sought reimbursement from Ms. Menassa since her policy had expired.

16. Moreover, Ms. Menassa never received the medication.

17. Anthem then billed Ms. Menassa, thus attempting to collect the Debt from her. *See* **Exhibit "A"** attached hereto.

18. Ms. Menassa attempted to resolve the situation with both Anthem and Accredo to no avail. During such attempts, Anthem and Accredo were repeatedly reminded that Ms. Menassa did not authorize the charge for a claim to be made in November 2017, and that she never received the medication giving rise to the Debt.

19. Subsequently, Anthem referred collection of the Debt to Rawlings Financial Services LLC (hereinafter referred to as "Rawlings"), a debt collector who pursued Ms. Menassa for the Debt.

20. The above-detailed conduct by Defendants Anthem and Accredo, taken in an attempt to collect the Debt, violated the FCCPA.

21. Ms. Menassa has been severely agitated, annoyed, traumatized, humiliated, embarrassed, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the

Defendants.

## COUNT I
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST ANTHEM
### Fla. Stat. § 559.72(6)

22. Ms. Menassa incorporates by reference paragraphs 1 through 21 of this Verified Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant Anthem constitute violations of the Florida Consumer Collection Practices Act.

24. Under the provisions of Fla. Stat. § 559.72(6), Anthem was and is prohibited from disclosing "information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact."

25. Anthem violated Fla. Stat. § 559.72(6) by referring the Debt to Rawlings for collection without also disclosing the fact that Ms. Menassa disputed the debt.

26. As a direct and proximate result of Anthem's actions in violation of said statute, Ms. Menassa has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

27. As a result of Anthem's violations of the FCCPA, Ms. Menassa is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from Anthem.

28. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Ms. Menassa such as enjoining further illegal collection activity. Ms. Menassa hereby reserves the right to amend this Complaint to include a demand for punitive damages.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## AGAINST ANTHEM
## Fla. Stat. § 559.72(7)

29. Ms. Menassa incorporates by reference paragraphs 1 through 21 of this Verified Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant Anthem constitute violations of the Florida Consumer Collection Practices Act.

31. Under the provisions of Fla. Stat. § 559.72(7), Anthem was and is prohibited from willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

32. Anthem violated Fla. Stat. § 559.72(7) by referring the Debt to Rawlings for collection, with full knowledge that the Debt was not legitimately owed, and that Rawlings would take further action to collect the Debt from Ms. Menassa.

33. As a direct and proximate result of Anthem's actions in violation of said statute, Ms. Menassa has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

34. As a result of Anthem's violations of the FCCPA, Ms. Menassa is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from Anthem.

35. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Ms. Menassa such as enjoining further illegal collection activity. Ms. Menassa hereby reserves the right to amend this Complaint to include a demand for punitive damages.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## AGAINST ANTHEM
## Fla. Stat. § 559.72(9)

36. Ms. Menassa incorporates by reference paragraphs 1 through 21 of this Verified Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant Anthem constitute violations of the Florida Consumer Collection Practices Act.

38. Under the provisions of Fla. Stat. § 559.72(9), Anthem was and is prohibited from asserting a legal right known not to exist in connection with the collection of a debt.

39. Anthem violated Fla. Stat. § 559.72(9) by asserting a legal right to charge Mr. Menassa for the Debt, when Anthem knew that it did not have permission to do so because Ms. Menassa specifically authorized only the October 2017 renewal.

40. As a direct and proximate result of Anthem's actions in violation of said statute, Ms. Menassa has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

41. As a result of Anthem's violations of the FCCPA, Ms. Menassa is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from Anthem.

Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Ms. Menassa such as enjoining further illegal collection activity. Ms. Menassa hereby reserves the right to amend this Complaint to include a demand for punitive damages.

## COUNT IV
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## AGAINST ACCREDO
### Fla. Stat. § 559.72(9)

42. Ms. Menassa incorporates by reference paragraphs 1 through 21 of this Verified Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant Accredo constitute violations of the Florida Consumer Collection Practices Act.

44. Under the provisions of Fla. Stat. § 559.72(9), Accredo was and is prohibited from asserting a legal right known not to exist in connection with the collection of a debt.

45. Accredo violated Fla. Stat. § 559.72(9) by asserting a legal right to charge Mr. Menassa for the Debt, when Accredo knew that it did not have permission to do so because Ms. Menassa specifically authorized only the October 2017 renewal.

46. As a direct and proximate result of Accredo's actions in violation of said statute, Ms. Menassa has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

47. As a result of Accredo's violations of the FCCPA, Ms. Menassa is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from Accredo.

48. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Ms. Menassa such as enjoining further illegal collection activity. Ms. Menassa hereby reserves the right to amend this Complaint to include a demand for punitive damages.

## TRIAL BY JURY

49. Ms. Menassa is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, CHRISTIANA MENASSA, having set forth her claims for relief against the Defendants, ANTHEM INSURANCE COMPANIES, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, and ACCREDO HEALTH GROUP, INC., respectfully prays of the Court as follows:

A. That the Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of actual damages pursuant to Fla. Stat. § 559.77;

B. That the Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of statutory damages pursuant to Fla. Stat. § 559.77;

C. That the Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of attorneys' fees and costs pursuant to Fla. Stat. § 559.77;

D. That the Defendants be enjoined from engaging in further improper conduct; and

E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: April 11, 2019

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
*Attorneys for Plaintiff*

By: <u>Joseph C. LoTempio</u>
    Joseph C. LoTempio, Esq.
    Fla. Bar No. 0086097
    jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida    )
                    ) ss
COUNTY OF Lee       )

Plaintiff, CHRISTIANA MENASSA, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
CHRISTIANA MENASSA

Subscribed and sworn to before me this 15th day of April, 2019 by CHRISTIANA MENASSA who:

☒ is personally known; or

☐ produced identification _____.

KATHRYN MICHIE
Commission # FF 198362
Expires May 10, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Notary Public

(SEAL)

- 12 -